Toomey, J.
Introduction
The plaintiff, Clinton Place Condominium Trust (“the Trust”) brought a complaint pursuant to G.L.c. 183A, §6 and G.L.c. 254, §§5 and 5A, alleging that the defendants Elimelech and Sonia Cruz had failed to pay charges lawfully assessed by the Trust upon their condominium unit. The Cruzes brought a counterclaim asserting that the Trust violated G.L.c. 93A in that the Trust brought suit only against the Cruzes and not against owners of other emits who had more substantial arrearages. The matter is before the court on the Trust’s motion to dismiss the Cruzes counterclaim. For the reasons stated herein, the motion is allowed.
BACKGROUND
In its complaint, the Trust alleges the following facts:
The Trust is comprised of the Unit Owners Association for Clinton Place Condominium (“Clinton Place”) and is organized pursuant to the provisions of G.L.c. 183A. The Trust was created by Declaration of Trust recorded with the Worcester County Registry of Deeds. The Cruzes own Unit 509 of Clinton Place. They have failed to pay common area expenses and supplemental assessments promulgated by the Trust according to law and the provisions of the Trust.
The Trust also made the undisputed assertions, in its motion to dismiss, that members of the Board of Trustees are volunteers and that the Trust administers the common areas of the condominium.
In their counterclaim, the Cruzes assert that other unit owners at Clinton Place have arrearages larger than that of the Cruzes but have not been subject to litigation to compel satisfaction of their obligations as unit owners. The Trust has thus acted in an unfair manner in its treatment of the Cruzes and in violation of the provisions of G.L.c. 93A.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take as true the allegations of the complaint and must consider any inferences in the plaintiffs favor which may be drawn from those allegations. Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if the *702 facts might support relief under any theory of law. WhitinsvillePlaza v. Kotseas, 378 Mass. 85, 89 (1979).
G.L.c. 93A, §2 provides that: “Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” According to the statute, “ Trade’ and ‘commerce’ shall include the . . . distribution of any services ...” G.L.c. 93A, § 1(b). The Trust contends that it cannot be held liable under G.L.c. 93A because the Trust is not engaged in trade or commerce. The Cruzes respond that the Trust is engaged in the distribution of services, and therefore trade or commerce, because it administers the common areas.
In determining whether parties to a transaction are engaged in trade or commerce, the court is to consider the following factors: “(1) the nature of the transaction, (2) the character of the parties, (3) the activities participated in, and (4) whether the transaction was motivated by business or personal reasons.” Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of Worcester, Inc., 398 Mass. 480, 491 (1986). The legislature intended that the words “distribution of any services” were to be construed as referring to services distributed in exchange for some consideration or with other strong indications that the services are distributed in the business context. Id. at 493.
The Cruzes have wholly failed to allege that, in bringing this action, the Trust had any purpose other than seeking to manage the common areas of the condominium including the collection of common area fees. Absent any allegation that the Trust undertook to distribute its service in exchange for consideration or other business or profit motives, the counterclaim must be dismissed for failure to state a claim cognizable under G.L.c. 93A.[3]
Because the court finds that the Cruzes have not stated an actionable claim under G.L.c. 93A, it need not address the other arguments raised by the Trust in its motion to dismiss.
ORDER
It is therefore ORDERED that Clinton Place Condominium Trust’s motion to dismiss the Cruzes counterclaim be ALLOWED.

For other cases holding that G.L.c. 93A does not apply to the relationship between a condominium trust and condominium unit owners, see Betzger v. Skyline Heights Condominium Trust, civil no. 94-1613 (Norfolk Super. Ct. March 25, 1995), Trustees Of The Harwichport Resort Club Condominium Trust v. Connor, civil no. 93-1006 (Barnstable Super. Ct. January 25, 1995), Charles Bullfinch Condominium Association v. Frisco, civ. no. 93-2202 (Suffolk Super. Ct. October 19, 1993), Murphy v. Marcus, civil no. 87-7561 (Middlesex Super. Ct. August 26, 1992), and Bohan v. PhaiL, civil no. 89-95 (Barnstable Super. Ct. August 31, 1990).